MEDORA LEBLANC *vs.* ARTHUR LEBLANC.

JULY 26, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This is a petition to have the respondent held in contempt for failure to pay allowances as ordered by a decree granting petitioner a divorce from bed, board and future cohabitation under general laws 1938, chapter 416, §8. After several continued hearings in the superior court a decree was entered finding respondent in contempt for nonpayment of such allowances in the amount of $1595 and permitting him to purge himself by paying the arrearage as therein specified. The cause is before this court on the respondent's appeal from that decree.

It is undisputed that the petitioner wife had brought against the respondent husband a petition for divorce from bed, board and future cohabitation; that after a hearing on the merits thereof a decree was entered on March 10, 1947, in accordance with the decision, granting the divorce and ordering respondent to pay the sum of $42 weekly for the support of petitioner and their two minor children

with adjustments as each child reached the age of eighteen years; and that respondent made the payments regularly for a considerable period but finally became in arrears under the decree to the extent of $1595. Petitioner then brought the instant proceeding to have respondent adjudged in contempt of that decree, and at the hearings thereon in the superior court evidence was introduced by her to support the allegations of this petition.

The respondent admitted nonpayment to the extent of $1595 and defended solely on the ground that there had been a reconciliation between the parties in early November 1947 which made the decree inoperative thereafter without any further order or approval of the court. In support of this claim he testified that in November 1947 he and his wife discussed their domestic problems and voluntarily made a visit to a clergyman in Warren in this state to bring about a reconciliation; that he returned to live with his wife at her home and they continued to live there as man and wife until early in January 1948.

Respondent further stated that during that period there had been cohabitation and a resumption of all marital relations; that he also had joined with her in a business venture by organizing a corporation to purchase a restaurant toward which he had contributed $2000 to $2800 while she had contributed about $6500; and that as a further token of the reconciliation he had endorsed a personal check for $1200 as the down payment on the purchase of a new automobile which was registered in his wife's name. He also testified that from the time he thus returned to his wife's home he ceased all payments under the decree, and that he finally had left the house about January 5, 1948 because conditions became "unbearable." The sole explanation of that term seems to be that his wife did not allow him to take the new automobile unless his sixteen-year-old son was with him.

On the other hand petitioner testified positively that there never had been any reconciliation between the parties;

that she had made no visit in November 1947 to a clergyman in Warren for that purpose; and that respondent had been allowed to return only because he begged for a place in the cellar to sleep when apparently he had no room in the house with the woman with whom he had been keeping company. She also explained that, since he was the father of her children, she allowed him to sleep and he did sleep with the oldest boy in another bedroom; that he remained only about four or five weeks and continued to pay the weekly allowances under the decree, although she did not enter them in her account book because she did not feel that he would again cause her to prove them in court; and that she, not the respondent, provided all the money and paid the note for the purchase of the new automobile which was registered in her name.

She further testified that during the few weeks he remained in her house the parties never resumed sexual relations nor did they hold themselves out as cohabiting as man and wife. There is also testimony for petitioner that she contributed toward the business venture in order to insure support for the children and herself; that while he gave $2000 and she $7000 to the corporation, he nevertheless received 51 per cent and she only 49 per cent of the stock; that respondent worked only about a week in the restaurant and then sold his share to his brother; that he left her home on January 1, 1948 and thereafter made some payments under the decree; that he stopped such payments, not because of any alleged reconciliation but because, as he then stated, he wanted protection in the form of an absolute divorce; and that he was working and earning $74 weekly in 1948 and $86 weekly in 1949.

The trial justice noted that determination of the issue of alleged reconciliation depended upon the testimony of the parties themselves and their credibility. In this connection he expressly stated that he was not favorably impressed by respondent's attitude and implicitly approved the petitioner's credibility. He thereupon found on all the

credible evidence that there was no reconciliation, and that respondent was in contempt of the divorce decree since he admitted he had not made payments under the decree to the extent of $1595.

Respondent by his reasons of appeal claims that the instant decree is against the law, the evidence and the weight thereof. He first contends in substance and effect that this court is as competent as the trial court to draw inferences from undisputed facts. From that premise he argues that we are·in as good a position as the trial justice to determine on this record whether there was a reconciliation between the parties; that the clear preponderance of evidence establishes that there was such a reconciliation; and therefore that the divorce decree was rendered inoperative from the date of reconciliation without further order of the court.

We agree with the law and cases cited in connection with respondent's basic premise. But the short answer to his contention in this respect is that such law is not applicable in the circumstances presented in this record. The evidence here is not undisputed but is conflicting upon the major facts relied on by respondent to prove the alleged reconciliation, which was his burden. There was certainly positive and conflicting evidence on the issue whether the parties had resumed sexual intercourse. Further assuming, as respondent contends, that reconciliation may be established by cohabitation which excludes such intercourse, the credible evidence here does not require a conclusion that respondent had proved reconciliation or condonation.

In our opinion there is ample evidence, if believed, to support the contrary conclusion. Adopting the wife's testimony, respondent merely had permission to sleep in the house for a short period under conditions and for natural reasons as explained by her. However, such living did not show a voluntary and intended resumption by her of the marital relationship, or of conduct or a holding out of themselves as man and wife to an extent that would

310

necessarily constitute reconciliation. The wife's testimony in this respect was straightforward and positive and was not inconsistent or inherently improbable. Respondent could have produced evidence to discredit her in several important respects if she were not truthful. But he did not do so and made no explanation for such failure.

On the other hand his own attitude and testimony was not convincing in certain respects and the trial justice expressly passed unfavorably on his credibility. He had the benefit of seeing and hearing the witnesses testify and in our judgment did not overlook any material evidence or misconceive the applicable law. It is well established that in a divorce case a decision upon conflicting evidence will not be set aside unless it is clearly wrong. From an examination of the transcript we, cannot say that the decision of the trial justice was clearly wrong, especially since the burden of proving the alleged reconciliation was admittedly on the respondent.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Crowe & Hetherington,* for petitioner.

*Goldberg & Goldberg, Philip B. Goldberg, Joseph Palmieri,* for respondent.